IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK A. MARTINEZ,

      Plaintiff,                      No. 2:11-cv-0942 KJN P

    vs.

WARDEN TIM VIRGA, et al.,

      Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff has consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In the statement of claim portion of the complaint, plaintiff lists the named defendants and their roles in the prison system. In the relief section, plaintiff asks the court to order the Directors of the California Department of Corrections and Rehabilitation, the Warden, the Superintendents, physicians and nurses at California State Prison - Sacramento ("CSP-SAC"), to stop denying plaintiff seizure medication Gabapentin as prescribed, "600 mg x 3" two times per day as needed for grand mal seizure disorder or pay damages. (Dkt. No. 1 at 3.) Plaintiff attaches documents he alleges exhausts his claims.

> The Civil Rights Act under which this action was filed provides as follows: Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

1  affirmative act, participates in another's affirmative acts or omits to perform an act which he is
2  legally required to do that causes the deprivation of which complaint is made." Johnson v.
3  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4  Moreover, supervisory personnel are generally not liable under § 1983 for the
5  actions of their employees under a theory of respondeat superior and, therefore, when a named
6  defendant holds a supervisorial position, the causal link between him and the claimed
7  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
8  (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.
9  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where
10 there is no evidence of personal participation).  Vague and conclusory allegations concerning the
11 involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board
12 of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of
13 personal participation is insufficient).

14 Plaintiff names seven people as defendants in this action.  However, plaintiff has
15 failed to include specific charging allegations for each defendant.  Put another way, plaintiff has
16 failed to demonstrate how each named defendant is responsible for the alleged discontinuation of
17 plaintiff's prescription.  The failure to include such charging allegations makes it difficult for the
18 court to determine whether plaintiff is challenging incidents that occurred at CSP-SAC, or at
19 Salinas Valley State Prison ("SVSP") in Soledad, as alleged in the administrative appeals
20 appended to the complaint.  In any event, the complaint, as presently pled, fails to state a
21 cognizable civil rights claim against any of the named defendants because plaintiff has failed to
22 show the named defendant was responsible for prescribing plaintiff Gabapentin or that the named
23 defendant was responsible for discontinuing the Gabapentin prescription for plaintiff.

24 Plaintiff also lists "unknown physician 4-5-11" and "unknowns" as defendants.  It
25 appears plaintiff seeks to name Doe defendants whose names are not presently known to
26 plaintiff.  Plaintiff is advised that the use of Doe defendants is not favored in the Ninth Circuit.

See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored."). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (dismissing a complaint because plaintiff is unaware of Doe's identity at the time the complaint is filed is error). Accordingly, plaintiff should not name Doe defendants as defendants in any amended complaint, but if plaintiff learns the Doe defendants' identities through discovery, he may move to file an amended complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements; "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).

"The government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration." Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "But not every breach of that duty is of constitutional proportions. In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Lopez, 203 F.3d at 1131 (quoting Estelle, 429 U.S. at 104.)

A medical need is "serious" "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, at 1059 (quoting Estelle, 429 U.S. at 104). Examples of indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find

5

important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.

Plaintiff must also allege facts that defendant responded to the serious medical need with deliberate indifference. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir. 1988). Where the claim is based on a delay in treatment, "a prisoner can make 'no claim for deliberate medical indifference unless the denial was harmful.'" McGuckin at 1060 (quoting Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)(per curiam)). The harm caused by the delay need not, however, be "substantial." McGuckin at 1060 (citing Wood v. Housewright, 900 F.2d 1332, 1339-40 (9th Cir. 1990); also citing Hudson v. McMillian, 503 U.S. 1, 5-10).

In the instant complaint, the Director's Level Decision provided by plaintiff states that plaintiff was transferred to Salinas Valley State Prison on May 7, 2008, and Gabapentin, 900 mg, two times each day, was prescribed for plaintiff on May 8, 2008, but because Gabapentin is a non-formulary drug requiring approval, the Gabapentin was not dispensed to plaintiff until June 3, 2008. (Dkt. No. 1 at 11.) It is unclear from plaintiff's complaint whether he is seeking damages for the delay in receiving the Gabapentin once he was transferred to Salinas Valley State Prison, or whether he is claiming that someone has discontinued his prescription to Gabapentin since his transfer to CSP-SAC. In addition, the prescription level referred to in the administrative appeal appears to differ from the prescription level sought in plaintiff's complaint. Moreover, a physician at CSP-SAC has confirmed that plaintiff is presently prescribed Carbamazepine and Trileptal for plaintiff's seizure disorder. (Dkt. No. 14-1 at 3.) Dr. Moghaddam states that Gabapentin is in the same anticonvulsant group as Trileptal, but Trileptal is better suited for plaintiff's treatment. (Dkt. No. 14-1 at 4.) Plaintiff's psychiatrist concurs

with this treatment regimen. (Id.) Plaintiff is advised that mere differences of opinion between a prisoner and prison medical staff as to appropriate medical care do not give rise to a § 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Finally, it is unclear that plaintiff has exhausted his claims as to defendants employed at CSP-SAC or as to allegations concerning incidents that occurred at CSP-SAC. The appeals provided by plaintiff demonstrate he exhausted his claims as to incidents occurring at SVSP in Soledad. Claims arising from incidents in Soledad are more properly raised in the United States District Court for the Northern District of California. If plaintiff intends to pursue claims concerning his incarceration at SVSP, he should amend his complaint and name the appropriate defendants at SVSP, and this court will transfer the action to the Northern District. If plaintiff is raising claims concerning his incarceration at CSP-SAC, plaintiff must first exhaust his administrative remedies at CSP-SAC. The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). In other words, plaintiff must exhaust his administrative appeals as to incidents at CSP-SAC before filing in federal court.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed.

R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, on April 19, 2011, plaintiff filed a document entitled "Clarification to Defendants Name(s) Moggadad." (Dkt. No. 6.) This filing does not make clear whether plaintiff is attempting to correct the name of a defendant already named, or whether plaintiff is attempting to add this person as a defendant, or substitute this person in as a defendant in place of "unknown physician 4-5-11" or one of the "unknowns." Plaintiff is advised that he cannot correct a defendant's name or add a defendant simply by filing such a document. Plaintiff must file a motion to substitute the person's name or, if defendants have not yet appeared in the action, file

an amended complaint with the correction contained therein.  Because plaintiff's complaint is dismissed with leave to amend, plaintiff may make the appropriate correction in the amended complaint.  Therefore, plaintiff's April 19, 2011 filing will be placed in the court file and disregarded.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's April 19, 2011 filing (dkt. no. 6) is disregarded.

DATED: May 9, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mart0942.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK A. MARTINEZ,

    Plaintiff,                                    No. 2:11-cv-0942 KJN P

    vs.

WARDEN TIM VIRGA, et al.,                        <u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____    Amended Complaint

DATED:

                                                                                                                                                   _____
                                                                                                                                Plaintiff