1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK A. MARTINEZ,

11          Plaintiff,              No. 2:11-cv-0942 KJN P

12      vs.

13   WARDEN TIM VIRGA, et al.,

14          Defendants.            <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel.  On May 16, 2011,

17   plaintiff filed an amended complaint, signed May 1, 2011.  (Dkt. No. 18.)  Plaintiff's amended

18   complaint crossed in the mail with this court's May 10, 2011 order dismissing plaintiff's original

19   complaint and granting plaintiff leave to file an amended complaint.  (Dkt. No. 15.)  Plaintiff's

20   amended complaint does not rectify the deficiencies explained in the May 10, 2011 order.  Also,

21   to the extent plaintiff is attempting to challenge incidents that occurred in April 2011, plaintiff is

22   again reminded that he must first exhaust his administrative remedies before filing a federal court

23   action.  <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) (exhaustion in prisoner cases covered by 42

24   U.S.C. § 1997e is mandatory).  Plaintiff's amended complaint is also dismissed, and plaintiff is

25   granted an extension of time to file a second amended complaint that complies with this court's

26   May 10, 2011 order.  Plaintiff shall file his second amended complaint on the form provided by

1

1   this court to ensure that plaintiff has complied with this court's May 10, 2011 order, and to

2   establish plaintiff has exhausted his administrative remedies as to the claims he is pursuing.

3              In addition to filing the amended complaint, plaintiff filed nine other documents

4   on May 16, 2011.  Plaintiff filed a motion to proceed in forma pauperis, even though he

5   previously filed one on April 26, 2011.  Plaintiff has filed multiple copies of the same exhibits.

6   Plaintiff has filed documents he alleges support his position.  Previously, plaintiff filed three

7   motions for injunctive relief before the court was able to address the first one.  Plaintiff is hereby

8   formally cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the

9   court where it is determined that he has filed excessive motions in a pending action.  DeLong v.

10  Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F.2d 351, 352 (10th

11  Cir. 1989).  Plaintiff is cautioned that this court views the number of motions filed to date as

12  excessive and that consideration will be given to restricted court access if plaintiff does not

13  exercise appropriate restraint henceforth.

14             In two of plaintiff's motions, plaintiff claims he is being denied law library access

15  and photocopy services.  While not entirely clear, it appears plaintiff was denied permission to

16  photocopy exhibits, including copies of grievances for #D-08-2687.  (Dkt. No. 22 at 7, 9.)

17  However, at present, the court does not require plaintiff to provide any more exhibits.  In

18  addition, plaintiff previously provided copies of his grievances in SVSP-D-08-2687.  (Dkt. No. 1

19  at 5-13.)  Moreover, plaintiff is not required to submit evidence supporting his claim until trial or

20  a dispositive motion requires such evidence to be produced.  In the second amended complaint,

21  plaintiff must allege facts and identify specific defendants and their role in any alleged

22  constitutional violation.  Furthermore, in light of plaintiff's redundant filings in this action, it

23  appears the rejection of plaintiff's photocopy services was warranted.  Plaintiff has failed to

24  demonstrate his access to the courts has been impaired, and the court's docket reflects plaintiff's

25  access to the courts has not been impaired in any way.  Thus, these motions are denied.

26  ////

1    Plaintiff is directed to turn his attention to filing a second amended complaint, on

2 the form provided by the court, expressly addressing the deficiencies noted in this court's May

3 10, 2011 order.  Plaintiff shall affirmatively address the issue of exhaustion of administrative

4 remedies in connection with any claim alleged in the second amended complaint.  Plaintiff is not

5 required to provide copies of the grievances; plaintiff may simply recite the grievance number

6 and date of the prison review.  This action cannot proceed until a valid complaint has been filed.

7    Plaintiff shall file no further exhibits in this action without leave of court unless

8 such exhibits are filed in connection with a motion to dismiss, motion for summary judgment, or

9 oppositions to dispositive motions, or for trial, as specifically directed in a subsequent pretrial

10 order.  Plaintiff is cautioned that failure to abide by this order may result in the imposition of

11 sanctions, including, but not limited to, a recommendation that this action be dismissed based on

12 a failure to comply with court orders.  Fed. R. Civ. P. 41(b).

13    Accordingly, IT IS HEREBY ORDERED that

14    1.  Plaintiff's May 16, 2011 amended complaint is dismissed with leave to amend;

15    2.  Within thirty days from the date of this order, plaintiff shall file a second

16 amended complaint that complies with this court's May 10, 2011 order and the instant order;

17    3.  Plaintiff's May 16, 2011 motions (Dkt. Nos. 19 & 21) are denied without

18 prejudice;

19    4.  Plaintiff shall file no further exhibits in this action without leave of court

20 except as set forth above; and

21    5.  The Clerk of the Court shall send plaintiff the form for filing a 42 U.S.C.

22 § 1983 complaint.

23 DATED:  May 25, 2011

24

KENDALL J. NEWMAN
25    UNITED STATES MAGISTRATE JUDGE

26 mart0942.80

3