1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK A. MARTINEZ,

11           Plaintiff,                          No. 2:11-cv-0942 KJN P

12        vs.

13   VIRGA, et al.,

14           Defendants.                         ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding without counsel and in forma pauperis,

17   with an action filed pursuant to 42 U.S.C. § 1983.  Plaintiff consented to proceed before the

18   undersigned for all purposes.  See 28 U.S.C. § 636(c).  By order filed May 26, 2011, plaintiff's

19   amended complaint was dismissed with leave to file a second amended complaint.  On May 23,

20   2011, plaintiff's second amended complaint was docketed.  (Dkt. No. 30.)  However, on June 21,

21   2011, plaintiff filed a third amended complaint.  (Dkt. No. 33.)  The court now screens plaintiff's

22   third amended complaint.  28 U.S.C. § 1915A(a).

23           The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26   U.S.C. § 1915A(b)(1),(2).

1

1          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7   Cir. 1989); Franklin, 745 F.2d at 1227.

8          A complaint, or portion thereof, should only be dismissed for failure to state a

9   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

11  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

12  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

13  complaint under this standard, the court must accept as true the allegations of the complaint in

14  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17         In his third amended complaint, plaintiff again alleges that his prescription for

18  Gabapentin was wrongfully discontinued.  However, plaintiff now names over 16 different

19  defendants, many of whom have no connection with the prescription of plaintiff's seizure

20  medications, and most of whom plaintiff has failed to include charging allegations or, if charging

21  allegations are included, fail to state a cognizable civil rights claim.  Plaintiff was previously

22  informed that supervisory personnel are generally not liable under § 1983 for the actions of their

23  employees under a theory of respondeat superior.  (Dkt. No. 15 at 4.)

24         Plaintiff was informed of the following standards on May 26, 2011.  (Dkt. No. 6.)

25         Generally, deliberate indifference to a serious medical need presents a cognizable

26  claim for a violation of the Eighth Amendment's prohibition against cruel and unusual

2

1   punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  According to Farmer v. Brennan, 511

2   U.S. 825, 847 (1994), "deliberate indifference" to a serious medical need exists "if [the prison

3   official] knows that [the] inmate [ ] face[s] a substantial risk of serious harm and disregards that

4   risk by failing to take reasonable measures to abate it."  The deliberate indifference standard "is

5   less stringent in cases involving a prisoner's medical needs than in other cases involving harm to

6   incarcerated individuals because 'the State's responsibility to provide inmates with medical care

7   ordinarily does not conflict with competing administrative concerns.'"  McGuckin v. Smith, 974

8   F.2d 1050, 1060 (9th Cir. 1992) (quoting Hudson v. McMillian, 503 U.S. 1, 6 (1992)), overruled

9   on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

10  Specifically, a determination of "deliberate indifference" involves two elements:  (1) the

11  seriousness of the prisoner's medical needs; and (2) the nature of the defendant's responses to

12  those needs.  McGuckin, 974 F.2d at 1059.

13          First, a "serious" medical need exists if the failure to treat a prisoner's condition

14  could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id.

15  (citing Estelle, 429 U.S. at 104).  Examples of instances where a prisoner has a "serious" need for

16  medical attention include the existence of an injury that a reasonable doctor or patient would find

17  important and worthy of comment or treatment; the presence of a medical condition that

18  significantly affects an individual's daily activities; or the existence of chronic and substantial

19  pain.  McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41

20  (9th Cir. 1990)).  Second, the nature of a defendant's responses must be such that the defendant

21  purposefully ignores or fails to respond to a prisoner's pain or possible medical need in order for

22  "deliberate indifference" to be established.  McGuckin, 974 F.2d at 1060.  Deliberate

23  indifference may occur when prison officials deny, delay, or intentionally interfere with medical

24  treatment, or may be shown by the way in which prison physicians provide medical care."

25  Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir. 1988).  In order for deliberate

26  indifference to be established, there must first be a purposeful act or failure to act on the part of

1    the defendant and resulting harm.  See McGuckin, 974 F.2d at 1060.  "A defendant must

2    purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for

3    deliberate indifference to be established."  Id.  Second, there must be a resulting harm from the

4    defendant's activities.  Id.

5           However, mere differences of opinion concerning the appropriate treatment

6    cannot be the basis of an Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d 330, 332

7    (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

8           Plaintiff has failed to address the elements of deliberate indifference in his third

9    amended complaint.  Rather, plaintiff includes a litany of events that took place, including the

10   provision of verbal information to plaintiff, as well as responses to administrative appeals.

11   Prisoners have no due process rights related to the administrative grievance process.  See Mann

12   v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (unpublished administrative policy statements of

13   the Arizona Department of Corrections in establishing a grievance procedure created no

14   protected liberty interest); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (there is

15   no liberty interest entitling inmates to a specific grievance process).  Because there is no right to

16   any particular grievance process, it is impossible for due process to have been violated by

17   ignoring or failing to properly process grievances.

18          Finally, plaintiff must limit the defendants to those responsible for the

19   discontinuation of the prescription for Gabapentin.  Nurses, officers, staff employees and other

20   technicians are not authorized to prescribe medication.  From plaintiff's prior filings in this

21   action, it appears one defendant who allegedly discontinued the Gabapentin is Eliva

22   Mogahaddam.  However, if plaintiff opts to file a fourth amended complaint against defendant

23   Mogahaddam, plaintiff must demonstrate how this defendant's discontinuation of the

24   prescription for Gabapentin demonstrates deliberate indifference, particularly in light of

25   defendant Mogahaddam's declaration that in his medical opinion, an alternative medication is

26   more appropriate for plaintiff's medical condition.  (Dkt. No. 14-1.)

4

1    For all of the above reasons, the court finds the allegations in plaintiff's amended

2  complaint so vague and conclusory that it is unable to determine whether the current action is

3  frivolous or fails to state a claim for relief.  In an abundance of caution, plaintiff will be granted

4  **one final opportunity** to file an amended complaint that complies with Rule 8(a)(2) of the

5  Federal Rules of Civil Procedure.  Plaintiff must allege with at least some degree of particularity

6  overt acts which defendants engaged in that support plaintiff's claim.  Id.

7    If plaintiff chooses to file a fourth amended complaint, plaintiff must demonstrate

8  how the discontinuation of the prescription to Gabapentin demonstrates deliberate indifference to

9  plaintiff's serious medical needs.  Also, the fourth amended complaint must allege in specific

10  terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983

11  unless there is some affirmative link or connection between a defendant's actions and the claimed

12  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

13  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

14  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

15  Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff shall not name a defendant unless plaintiff

16  includes charging allegations demonstrating deliberate indifference by that defendant to

17  plaintiff's serious medical needs.

18    Plaintiff is cautioned that failure to comply with this order and the court's prior

19  orders will result in the dismissal of this action.

20    Finally, on June 21, 2011, plaintiff filed a motion for temporary restraining order.

21  Plaintiff seeks an order preventing defendant Mogahaddam from allegedly harming plaintiff by

22  prescribing Tylenol, which plaintiff claims is known to attack the liver, even though plaintiff

23  suffers from Hepatitis C.

24    A  temporary restraining order is an extraordinary and temporary "fix" that the

25  court may issue without notice to the adverse party if, in an affidavit or verified complaint, the

26  movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

1    movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A).

2    The purpose of a temporary restraining order is to preserve the status quo pending a fuller

3    hearing. See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a). It is

4    the practice of this district to construe a motion for temporary restraining order as a motion for

5    preliminary injunction.[1]

6            A preliminary injunction should not issue unless necessary to prevent threatened

7    injury that would impair the court's ability to grant effective relief in a pending action. Sierra

8    On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State

9    Ins. Co., 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far

10   reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v.

11   Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary

12   injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he

13   is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

14   equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v.

15   Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc,

16   129 S.Ct. 365, 375-76 (2008). In cases brought by prisoners involving conditions of

17   confinement, any preliminary injunction "must be narrowly drawn, extend no further than

18   necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive

19   means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

20           The claim underlying the instant motion for temporary restraining order is that

21   defendant Mogahaddam is prescribing Tylenol for plaintiff even though plaintiff suffers from

22   Hepatitis C, allegedly putting plaintiff at risk for liver damage. However, this claim is not part

23   of the underlying complaint in this action and, therefore, will not be given a hearing on the merits

24   _____

25        [1] See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing
     that "[t]emporary restraining orders are governed by the same standard applicable to preliminary
26   injunctions") (citations omitted).

1  at trial.  Thus, plaintiff's motion is denied.[2]

2            In accordance with the above, IT IS HEREBY ORDERED that:

3            1.  Plaintiff's third amended complaint is dismissed; and

4            2.  Plaintiff is granted thirty days from the date of service of this order to file a

5  fourth amended complaint that complies with the requirements of the Civil Rights Act, the

6  Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint

7  must bear the docket number assigned this case and must be labeled "Fourth Amended

8  Complaint"; plaintiff must file an original and two copies of the fourth amended complaint;

9  failure to file a fourth amended complaint in accordance with this order will result in a

10  recommendation that this action be dismissed.

11            3.  Plaintiff's June 21, 2011 motion for temporary restraining order (dkt. no. 34) is

12  denied.

13  DATED:  July 7, 2011

14

        KENDALL J. NEWMAN

15          UNITED STATES MAGISTRATE JUDGE

16  mart0942.14c

17  _____

18     [2]  The United States Department of Veterans Affairs' website for Hepatitis C, provides
the following public information:

19

20      "Is it safe to take aspirin or Tylenol if I have hepatitis C?  (¶)  Over-the-counter
    pain relief medications are usually not harmful.  Check with your doctor first and
    take them in moderation.  Overuse of acetaminophen (in Tylenol) can cause liver

21      damage.  Patients with hepatitis C should limit their acetaminophen (Tylenol) to
    two grams (four 500mg tablets) per day.  Other drugs for pain include aspirin,

22      Ibuprofen, Motrin, Advil, Naproxen, and Aleve.  They are safe in HCV patients
    who do not have cirrhosis.  If you are not sure, always check with your doctor."

23

24  http://www.hepatitis.va.gov/patient/faqs/aspirin-tylenol-safety.asp (visited July 6, 2011).
Although plaintiff attempted to mark out the reference to Acetaminophen on the Medication
Reconciliation chart, it appears plaintiff was prescribed 1-2 tablets of 325 mg Acetaminophen

25  tablets every 8 hours as needed for pain. (Dkt. No. 34 at 6.)  If plaintiff wishes to refrain from
taking Acetaminophen or Tylenol, he should ask his health professional to provide plaintiff with

26  an alternative pain relief medication.